Michael S. Martin, Esq. Informal Opinion Town Attorney No. 96-49 Town of Whitehall P. O. Box 60 Whitehall, N Y 12887
Dear Mr. Martin:
You have asked whether the Town of Whitehall may adopt an ordinance to implement its "right to farm" law that would require specific language to be added to any deed conveying real property located in the town. The language would state the public policy to protect the occupation of farming.
Recording requirements for conveyances of real property are set forth in Real Property Law §§ 290, et seq.Those provisions govern which documents must be recorded, how they must be certified or acknowledged, and, in some cases, what additional documents must be presented for recording. Real Property Law § 333-c provides that prior to the sale, purchase or exchange of real property located wholly or partly within an agricultural district, as defined in the Agriculture and Markets Law, the prospective grantor is to deliver to the prospective grantee a notice regarding the farm activities that occur within the district and stating that the State and community policy is to protect and encourage the development of agricultural land. This gives prospective purchasers notice that farming activities that cause noise, dust and odors may accompany the purchase of property in such districts and advances the State policy to conserve, protect and encourage the development of agricultural land for the production of food and other products and as ecological resources. See, Agriculture and Markets Law § 300; Real Property Law § 333-c.
The incorporation of "right to farm" language in the deed is not authorized by the above provisions. Nor, in our view, can the addition of such language be required by local law. Local governments are authorized to enact and amend local laws that are consistent with the Constitution and general State laws regarding subjects enumerated in Municipal Home Rule Law § 10. In a prior opinion, we concluded that a local law dealing with real property recording requirements "does not appear to be within the scope of home rule authority of a local government". Op Atty Gen (Inf) No. 92-55. See also,1960 Op Atty Gen (Inf) 115 (Real Property Law provisions governing conveyancing and recording relate to matters of State concern which are not subject to regulation by local law). Therefore, the modification of deed requirements is not authorized by State or local law.
We conclude that the town is not authorized to adopt a law requiring the addition of specific language to any deed recorded in the Washington County Clerk's Office.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY, Assistant Attorney General